IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

NO. _____

KRS GLOBAL BIOTECHNOLOGY, INC.,

    Plaintiff,

v.

CARBONITE, LLC,

    Defendant.
_____/

## NOTICE OF REMOVAL

To the Judges of the United States District Court for the Southern District of Florida:

    Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, Carbonite, LLC, hereby removes this case from the Circuit Court of the Fifteenth Judicial Circuit of Florida in and for Palm Beach County, Florida, to the United States District Court for the Southern District of Florida. Removal is based on diversity jurisdiction because complete diversity exists between Plaintiff KRS Global Biotechnology, Inc., on the one hand, and Defendant Carbonite, LLC, on the other, and the amount in controversy exceeds $75,000.00. As required by 28 U.S.C. § 1446(a), the grounds for removal—together with a copy of all process and pleadings served on Defendant—are set forth below and attached as exhibits hereto.

### Background

1.    On February 19, 2024, Plaintiff KRS Global Biotechnology, Inc. ("Plaintiff") filed

a Complaint ("Complaint") in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. The case number in that action is 50-2024-CA-001607. A true and correct copy of the Complaint is attached hereto as **Exhibit 1**.

2. The Complaint alleges a single cause of action for negligence against Defendant. Specifically, Plaintiff alleges that Defendant was negligent when it "failed to properly secure its [data protection] system and not properly create or maintain a backup of Plaintiff's data," as "Defendant agreed to do." (Compl. ¶¶ 26-27.) Plaintiff further alleges it suffered damages as a result. (*Id.* ¶ 29.) Plaintiff's grievance, however, confirms the injury alleged in the Complaint concerns subject matter that arises from and/or relates to the Parties' applicable agreement for services. (*Id.* ¶¶ 26-27.) Plaintiff's entitlement (if any) to a remedy thus lies exclusively with the final and binding arbitration procedure provided for in the Parties' applicable agreement. (*Id.*)

3. Defendant's registered agent was served with the Summons and Complaint on February 26, 2024.

**Removal is Timely**

4. Under 28 U.S.C. § 1446(b) and Eleventh Circuit case law, Defendant timely removed Plaintiff's state court claim within 30 days of service. *See Harrell v. Bank of Am., N.A.*, 813 F. App'x 397, 399 (11th Cir. 2020) ("The 30-day time period under § 1446(b) 'is triggered by simultaneous service of the summons and complaint[.]'" (quoting *Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1205 (11th Cir. 2008))).

5. Defendant was served with a copy of the Summons and Complaint on February 26, 2024.

6. This Notice has been timely filed within the 30-day time period allowed for removal under 28 U.S.C. § 1446(b).

7. As set forth more fully below, this Court has jurisdiction over this matter and the matter is properly removed pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

**There Exists Complete Diversity of the Parties**

8. Under 28 U.S.C. § 1441(a), "any civil action brought in a State court in which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district courts of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). This Court has original jurisdiction under 28 U.S.C. § 1332, which grants federal district courts jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1).

9. Diversity jurisdiction exists under 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendant are citizens of different U.S. states.

10. According to public records, Defendant is incorporated in Florida, where it also has its principal place of business.[1] *See* 28 U.S.C. § 1332(c)(1). Plaintiff is a Florida citizen. (*See* **Ex. 2**.)

11. By contrast, Defendant was and is a limited liability company organized and existing under the laws of the state of Delaware, and maintains its principal place of business in Massachusetts. Defendant's sole member is a citizen of Delaware and California. No Defendant member is a citizen of Florida.

12. Because none of Defendant's members are citizens of Florida, which is Plaintiff's

---

[1] The Court may take judicial notice of official state registries for purposes of determining the state of incorporation or principal place of business. *See, e.g.*, *Henkle v. Cumberland Farms, Inc.*, 2017 WL 5634947, at *3 n.10 (S.D. Fla. June 15, 2017); *Sziranyi v. Allan R. Dunn, M.D., P.A.*, 2009 WL 6613675, at *2 n.2 (S.D. Fla. Sept. 30, 2009); *Mukamal v. Bakes*, 383 B.R. 798, 818 n.21 (S.D. Fla. 2007).

place of residence, there exists complete diversity of the parties. *See* 28 U.S.C. § 1332(a).

**The Amount in Controversy Exceeds $75,000**

13. The amount in controversy requirement under 28 U.S.C. § 1332 is satisfied because "the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them[.]" *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007).

14. The Complaint alleges a single cause of action against Defendant for negligence. In the Complaint, Plaintiff claims it is entitled to "damages that exceed[] $100,000 exclusive of interest and attorney's fees." (Compl. ¶ 5.)

15. The Civil Cover Sheet filed in conjunction with the Complaint states that the estimated damages in this case exceed $100,000.00. The Civil Cover Sheet is attached hereto as **Exhibit 3.**

16. Accordingly, the amount in controversy in this proceeding exceeds the sum of $75,000. *See* 28 U.S.C. § 1332(a).

**Notice**

17. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal and a true and correct copy of this Notice of Removal will be provided to Plaintiff through its counsel of record.

18. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be promptly filed with the Clerk of the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

19. A copy of the docket sheet in the state matter as of Monday, March 18, 2024, is attached hereto as **Exhibit 4.** A true and correct copy of the remainder of Plaintiff's filings are attached hereto as **Composite Exhibit 5.**

### Removal is Proper

20. Removal to the Southern District of Florida is proper because it is the District within which the state court action is pending. *See* 28 U.S.C. § 1441(a). Removal to the West Palm Beach Division of the Southern District of Florida is similarly proper because it is the division within which the state court action is pending. *See* 28 U.S.C. §§ 89(c), 1441(a). The state court action does not implicate the exception to removal in diversity cases stated in 28 U.S.C. § 1441(b)(2) because Defendant is not a citizen of Florida. Defendant consents to the removal of this action.

### Preservation of Rights

21. Defendant denies any liability as to Plaintiff's individual claim. In filing this Notice of Removal, Defendant expressly reserves all of its substantive and procedural claims, counterclaims, and defenses, including, but not limited to, its right to file a motion to compel arbitration and motions challenging the pleading.

### Conclusion

22. This Court has subject-matter jurisdiction in this action because (a) complete diversity of citizenship exists between the Parties; and (b) more than the $75,000.00 jurisdictional threshold is at issue. Accordingly, Defendant, Carbonite, LLC, desiring to remove this case to the United States District Court for the Southern District of Florida, requests that the filing of this Notice of Removal with this Court and the filing of the Notice of Filing a Notice of Removal with the Clerk of the Fifteenth Judicial Circuit Court in and for Palm Beach County, Florida, shall effect the removal of this case.

WHEREFORE, Defendant respectfully requests that the above-referenced action now pending in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County,

Florida, be removed to the United States District Court for the Southern District of Florida, West Palm Beach Division, and placed on the docket of this Court for further proceedings.

Submitted this 18th day of March, 2024.

> Respectfully submitted,
>
> /s/ Andrew T. Figueroa
> Andrew T. Figueroa
> Fla. Bar No. 1002745
> Email: afigueroa@vedderprice.com
> **VEDDER PRICE (FL), LLP**
> 600 Brickell Ave., Suite 1500
> Miami, FL 33131
> P: (786) 741 3244
> F: (786) 741 3202
>
> *Attorney for Defendant Carbonite, LLC*
>
> James V. Garvey
> *Pro hac vice application forthcoming*
> **VEDDER PRICE P.C.**
> 222 North LaSalle Street, Suite 2600
> Chicago, IL 60601
> P: (312) 609 7500
> F: (312) 609 5005

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of March, 2024, the foregoing was filed utilizing this Court's ECF system, and that a copy was served via e-mail to:

Zachary P. Hyman
**MILLENNIAL LAW, INC.**
501 East Las Olas Blvd, Suite 200/314
Fort Lauderdale, FL 33301
zach@millenniallaw.com
jessica@millenniallaw.com
assistant@millenniallaw.com

*Attorneys for Plaintiff*

> /s/ Andrew T. Figueroa
> Attorney for Carbonite, LLC

6