# EXHIBIT 1

IN THE CIRCUIT COURT OF
THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

KRS GLOBAL BIOTECHNOLOGY, INC.,                    CASE NO.:

     Plaintiff,

v.

CARBONITE, LLC,

     Defendant.

_____/

## COMPLAINT

Plaintiff, KRS GLOBAL BIOTECHNOLOGY, INC. ("**KRS**" or "**Plaintiff**"), by and through the undersigned counsel hereby sues Defendant, CARBONITE, LLC ("**Carbonite**" or "**Defendant**"), and in support thereof states:

## PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff, KRS GLOBAL BIOTECHNOLOGY INC., is a Florida corporation with its principal place of business in Palm Beach County, Florida.

2.      Defendant, CARBONITE, LLC, is a Delaware corporation with its principal place of business in Boston, Massachusetts.

3.      Jurisdiction over Defendant is appropriate because Defendant committed a tortious act in the State of Florida, has systematic but not isolated contact with the State of Florida, and breached a contract where performance was to occur in Florida.

4.      Venue is proper because the facts giving rise to the instant dispute occurred in Palm Beach County, Florida.

5.      This Court has subject matter jurisdiction over this dispute because it is an action for damages that exceeds $100,000 exclusive of interest and attorney's fees.

**FACTUAL ALLEGATIONS**

6.      Plaintiff is a 503(b) pharmacy and manufactures various pharmaceutical products for its customers. As a result, Plaintiff has regular access to highly confidential and HIPPA protected information of its clients, and Plaintiff also has access to highly confidential formulations that allow it to make affordable medical products.

7.      Plaintiff's database of client information and formulations, which includes the results of tests and information concerning other new innovations, is important for Plaintiff to develop new and innovative products and maximize efficiency.

8.      As a result, Plaintiff's continued viability is dependent on its ability to maintain and properly back up all its data and related information.

9.      In August 2021, Plaintiff began the process of trying to locate a new vendor that would provide data protection services to ensure that Plaintiff's data and highly confidential information was protected.

10.     After researching several different options, Plaintiff was impressed by the services that Defendant advertised.

11.     Specifically, Defendant guaranteed that it would provide a fail-safe data backup and protection system that would guaranty that any and all of its clients' data would be protected from any circumstance, inclusive of malicious attacks, or inadvertent deletion by the client itself.

12.     In fact, Defendant touts that it has protected more than 20 PB of data, has protected more than 100,000 small businesses, and has recovered more than 60 billion files that were accidentally or intentionally deleted or destroyed. Defendant even has a code of conduct to ensure that all its suppliers and affiliates provide exemplary services.

13.     Defendant also held itself out to provide superior protections and customer support for all its clients' benefits.

14.     In reliance on the representations on Defendant's website, and on the reviews and public perception of Defendant, Plaintiff chose to purchase the highest level of professional protection.

15.     After completing the purchase of Carbonite's products, on or about August 9, 2022, Plaintiff worked with Defendant to prepare a full and complete back up of its entire file, and Defendant confirmed in writing that it had completed and prepared a complete backup of all of Plaintiff's data.

16.     As a result of Defendant's successful collection of Plaintiff's data, Defendant was obligated to protect and safeguard all of Plaintiff's data. This included the obligation, per Defendant's website, to ensure that Plaintiff's data could not be damaged by Plaintiff itself, or its former employees or representatives.

17.     Nonetheless, in August 2021, all of Plaintiff's data systems were targeted and deleted. After Plaintiff's internal systems and databases were destroyed, the person or entity that was responsible for the cyberattack illegally and without authorization, gained access into Defendant's secure system and removed all of Plaintiff's data from Defendant's secure system.

18.     Although Defendant claims in its advertising that it provides a fail-safe system that would protect all of its clients' data from **any circumstance**, Defendant was unable to recover any of Plaintiff's data.

19.     Had Defendant properly created backups of Plaintiff's data, the data breach would have caused minimal damage to Plaintiff.

20.     Instead, however, the data breach and Defendant's failure to properly maintain its systems prevented Plaintiff from operating for months and has further prevented and stunted Plaintiff in its development of new and innovative products and services. Thus, Defendant's conduct has caused Plaintiff to lose millions of dollars in revenue.

21.     All conditions precedent to the filing of the instant lawsuit have been met or waived.

22.     Plaintiff has retained the undersigned and has agreed to pay the undersigned a reasonable fee for the services rendered in this matter.

## COUNT I – NEGLIGENCE

23.     Plaintiff reincorporates paragraphs 1 through 21 above as if set forth in full herein.

24.     As set forth in further detail above, Defendant holds itself as the preeminent data protection company in the nation and otherwise guarantees that it will protect all its clients' data from any potential data breach or loss.

25.     Plaintiff was a client of Defendant, paid Defendant for its services, and in compliance with Defendant's policies, uploaded all of its data and private information to Defendant's databases.

26.     As a result, Defendant had a duty to maintain all of Plaintiff's data and protect it from any circumstance, as Defendant had agreed to do.

27.     Defendant failed to properly secure its system and not properly create or maintain a backup of Plaintiff's data, and as a result, Defendant breached its duty to Plaintiff.

28.     As a result of Defendant's conduct, Plaintiff suffered damages.

29.     Plaintiff has in fact suffered damages.

WHEREFORE, Plaintiff, KRS GLOBAL BIOTECHNOLOGY, INC., respectfully requests that the Court enter Judgment in its favor and against Defendant, CARBONITE, LLC (i)

Finding that Defendant breached its duties to Plaintiff; (ii) Awarding Plaintiff damages as a result of Defendant's breach; (iii) Awarding Plaintiff special damages, including lost profits and incidental damages as a result of Defendant's misconduct; and (iv) Granting such further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury with respect to all issues so triable.

Dated: February 19, 2024.

Respectfully submitted,

**MILLENNIAL LAW, INC.**
*Attorneys for Plaintiff*
501 East Las Olas Blvd, Suite 200/314
Fort Lauderdale, Florida 33301
Phone: 954-271-2719

By: */s/ Zachary P. Hyman*
Zachary P. Hyman
Florida Bar No.  98581
zach@millenniallaw.com
jessica@millenniallaw.com
assistant@millenniallaw.com